```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
FRANCIS J. GARRETT,

                Plaintiff,         MEMORANDUM & ORDER
                                   08-CV-1428 (JS)(ETB)
        - against -

UNITED STATES POSTAL SERVICE,

                Defendant.
----------------------------------X
APPEARANCES:
For Plaintiff:     Francis J. Garrett, Pro se
                   2347 Mitchell Place
                   Bellmore, NY 11710

For Defendant:     Vincent Lipari, Esq.
                   United States Attorney's Office
                   Eastern District of New York
                   610 Federal Plaza, 5th Floor
                   Central Islip, NY 11722-4454
```

SEYBERT, District Judge:

Plaintiff Francis J. Garrett ("Plaintiff"), pro se, commenced this action against the United States Postal Service ("USPS") on April 2, 2008. Plaintiff's Complaint alleges age and disability discrimination claims under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 et seq., and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112 et seq.

USPS has moved for summary judgment. For the reasons stated below, that motion is GRANTED.

BACKGROUND

Plaintiff Francis J. Garrett was a USPS employee from November 23, 1949 to January 8, 1975. (Def. Ex. 2.) On November 26, 1974, USPS provided Plaintiff with notice of its intent to remove him, due to his absenteeism. (Def. Ex. 3.) On January 7, 1975, USPS formally notified Plaintiff of his removal. (Def. Ex. 4.)

On September 23, 1981, Plaintiff submitted a letter seeking reinstatement pursuant to USPS's Program for Alcoholic Recovery, an initiative that considered rehiring former USPS employees who suffered from alcoholism. (Def. Ex. 5) Plaintiff wrote that, since his termination, he had stopped drinking and had no attendance problems at his current job. (Id.) On January 4, 1981, USPS rejected Plaintiff's application for reinstatement, citing Plaintiff's prior unfavorable service. (Def. Ex. 6.)

On August 20, 1983, Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC"), claiming that USPS refused to reinstate him on discriminatory age and disability grounds. (Def. Ex. 7.)

At a hearing on June 25, 1984, the parties entered into a Stipulation and Settlement, whereby USPS agreed to reinstate Plaintiff to his previous position as "mail handler three, step one," with a salary of $20,333, by the second week

of August 1984. (Def. Ex. 8 at 4.) In addition, USPS agreed to pay Plaintiff's attorney fees and costs. (Id.) Despite agreeing to reinstate him as a mail handler, it is undisputed that, upon returning to USPS, Plaintiff was instead assigned to work as a mail processor. Plaintiff went on to work as a mail processor for the next 23 years, and won several awards and commendations for his performance in that position. (Def. Ex. 14.)

On July 14, 2002, Plaintiff sent USPS a letter complaining about various personnel matters. (Def. Ex. 13.) Among other things, Plaintiff complained about "the unauthorized transfer of retirement monies, preference of veteran's status, reinstatement to previous title, and wrongful discharge that today would be considered criminal by the discrimination act, which enacted that alcoholism is a disease." (Id.) The letter stated that Plaintiff had previously notified USPS of these mistakes back in 1995. (Id.)

On June 13, 2007, Plaintiff retired. (Def. Ex. 9.) On September 25, 2007, he contacted the EEOC. (Def. Ex. 10.) On October 5, 2007, Plaintiff asked the EEOC for pre-complaint counseling. (Cedeno Decl. ¶ 6). Plaintiff alleged age discrimination, alcohol discrimination and retaliatory actions that affected his pension annuity, include a failure to properly credit his seniority. (Cedeno Decl. Ex. B.) Among other

3

things, Plaintiff alleged that he should have received pension credit for the ten years he did not work for USPS because he "won his case." (Id.)

On October 25, 2007, the EEOC wrote Plaintiff to inform him that it could not resolve his "counseling request." (Cedeno Decl. Ex. C.) The EEOC then told Plaintiff that he could let his inquiry lapse, or file a formal EEOC complaint. (Id.) The EEOC also informed Plaintiff that he could bypass the EEOC process by filing a civil action in a U.S. District Court under the ADEA. (Def. Ex. 11.)

On April 2, 2008, Plaintiff commenced this action. Plaintiff's Complaint alleges that USPS began discriminating against him on July 7, 1984, and that this discrimination remains ongoing. (Compl. § 5.) Plaintiff also alleges that USPS has retaliated against him for filing an EEOC discrimination charge back in 1984. Plaintiff's Complaint alleges that, due to this discrimination and retaliation, USPS: (1) reinstated him as a mail processor, instead of a mail handler; (2) failed to award him his veteran's preference; (3) did not properly calculate his seniority; (4) took money out of his annuity "for repayment of prior service without my written approval"; and (5) denied him back pay. During the summary judgment process, Plaintiff added the following allegations: (6) USPS "distrib[uted]" his records around and "lost [his]

4

discharge papers after having them since at least 1949" (Pl. 56.1 Stmt. at p. 1); (7) USPS hired a younger man instead of him for some unspecified position (id. at p. 2); (8) after leaving USPS for the first time, in 1975, USPS purposefully mishandled or misplaced a retirement-related check it owed Plaintiff (see generally Docket No. 24); and (9) USPS discriminated against him in various ways the first time he worked there, between 1949 and 1975 (see generally Pl. Opp. Br.).[1]

DISCUSSION

I. Summary Judgment Standard

"Summary judgment is appropriate where there are no genuine disputes concerning any material facts, and where the moving party is entitled to judgment as a matter of law." Harvis Trien & Beck, P.C. v. Fed. Home Loan Mortgage Corp. (In re Blackwood Assocs., L.P.), 153 F.3d 61, 67 (2d Cir. 1998) (citing Fed. R. Civ. P. 56(c)); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

"The burden of showing the absence of any genuine dispute as to a material fact rests on the party seeking summary

---

[1] Because "it is inappropriate to raise new claims for the first time in submissions in opposition to summary judgment," the Court considers these new allegations only for the sake of argument. Brutus v. Silverseal Corp., 06-CV-15298, 2009 WL 4277077, at *1 n.2 (S.D.N.Y. Nov. 24, 2009)

5

judgment." McLee v. Chrysler Corp., 109 F.3d 130, 134 (2d Cir. 1997); see also Adickes v. S.H. Kress & Co., 398 U.S. 144, 157, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970). "In assessing the record to determine whether there is a genuine issue to be tried as to any material fact, the court is required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." McLee, 109 F.3d at 134.

"Although the moving party bears the initial burden of establishing that there are no genuine issues of material fact, once such a showing is made, the non-movant must 'set forth specific facts showing that there is a genuine issue for trial.'" Weinstock v. Columbia Univ., 224 F.3d 33, 41 (2d Cir. 2000) (quoting Anderson, 477 U.S. at 256). "Mere conclusory allegations or denials will not suffice." William v. Smith, 781 F.2d 319, 323 (2d Cir. 1986).

Additionally, pro se complaints must be read liberally, especially when the complaint raises a civil rights issue. McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). A pro se plaintiff's papers are read to present the most persuasive arguments suggested. Lukasiewicz-Kruk v. Greenpoint YMCA, No. 07-CV-2096, 2009 WL 3614826, at *13 (E.D.N.Y. Oct. 30, 2009). But pro se plaintiffs must meet the same legal standards and will not succeed by making allegations that are unsupported

6

by the evidence. Lukasiewicz-Kruk v. Greenpoint YMCA, No. 07-CV-2096, 2009 WL 3614826, at *4 (E.D.N.Y. Oct. 30, 2009) (quoting Monterroso v. Sullivan & Cromwell, LLP, 591 F. Supp. 2d. 567, 577 (S.D.N.Y. 2008)).

II. Timeliness

USPS first argues that, for the most part, Plaintiff does not allege actionable discrimination, but merely breach of the 1984 settlement agreement he entered into with the EEOC. Specifically, USPS contends that Plaintiff's claims predicated on USPS denying him back pay or seniority credit for the time he didn't work, and then improperly reinstating him as a mail processor, all really allege breach of the settlement agreement. And USPS further argues that any such contract-based claims have long been time-barred. The Court agrees.

The settlement agreement resolved Plaintiff's prior discrimination complaint against USPS. By its plain terms, it did not entitle Plaintiff to back pay or seniority credit for the time he didn't work. (Def. Ex. 8) (setting forth the settlement agreement's terms as requiring Plaintiff's reinstatement and payment of his attorneys' fees and costs). But, even if it somehow entitled Plaintiff to these benefits (and Plaintiff provides no evidence that it did), his right to receive them accrued in 1984, when he entered into the agreement. So any "breach" occurred then, not 23 years later,

when Plaintiff retired.  Similarly, although USPS did breach the agreement by reinstating Plaintiff as a mail processor instead of a mail handler, that act also took place in 1984.  And Plaintiff cannot claim ignorance of his title.  As his Complaint sets forth, his work as a mail processor was much harder than his mail handler job.  (Compl., narrative portion at p. 2).  Additionally, in 1989, USPS formally commended him for his service as a mail processor.  (Def. Ex. 14).  It follows then that the six-year statute of limitations period expired long ago.  See 28 U.S.C. § 2401(a) or, alternatively, 41 U.S.C. § 605(a).

Several of Plaintiff's discrimination and retaliation claims are also clearly time-barred.  Under the ADEA and the ADA, an employee must file an EEOC complaint within 300 days of the allegedly unlawful act.  Kassner v. 2nd Avenue Delicatessen Inc., 496 F.3d 229, 237 (2d Cir. 2007) (ADEA); Harris v. City of New York, 186 F.3d 243, 247 (2d Cir. 1999) (ADA).  Here, even if the Court construed Plaintiff's post-retirement contact with the EEOC as a formal discrimination charge, it is undisputed that Plaintiff filed this "charge" in 2007.  But Plaintiff complained largely of acts that took place years and sometimes decades ago.  For instance, Plaintiff has been complaining since 2002 (and possibly 1995) about USPS denying him his veteran's preference, and improperly transferring "retirement monies" to the Federal

8

Credit Union. (Def. Ex. 13.) And, in point of fact, the error relating to Plaintiff's "retirement monies" occurred in 1975 and was corrected in 2003, when Plaintiff received the missing money plus interest. (Docket No. 24, Exs. A, C, H). Thus, even if this error could be chargeable to USPS (instead of the Office of Personnel Management, which made the mistake) and somehow be construed as unlawful discrimination or retaliation, Plaintiff's time to seek relief for it has long expired. Finally, even if not somehow covered by the 1984 settlement agreement, Plaintiff's time to seek relief for pre-1975 discriminatory acts expired decades ago.

It follows then that USPS is entitled to summary judgment with respect to Plaintiff's claims concerning the denial of back pay, denial of seniority credit, reinstatement as a mail processor, denial of veteran's preference, and misplacement of his 1975 retirement check.

III. Remaining Claims

After discounting the clearly time-barred claims, the following allegations remain: (1) USPS took money out of his annuity "for repayment of prior service without my written approval"; (2) USPS "distrib[uted]" his records around and "lost [his] discharge papers after having them since at least 1949"; and (3) USPS hired a younger man instead of him for some unspecified position.

In discrimination and retaliation claims brought under the ADEA and the ADA, the burden-shifting framework established by the Supreme Court in McDonnell-Douglas Corp. v. Green, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973), applies. See Gorzynski v. Jetblue Airways Corp., 596 F.3d 93, 106 (2d Cir. 2010) (ADEA); McBride v. BIC Consumer Products Mfg. Co., Inc., 583 F.3d 92, 96 (2d Cir. 2009) (ADA). That framework requires a plaintiff in a discrimination case to establish a prima facie case of discrimination or retaliation, after which the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the adverse employment action in question. Gorzynski, 596 F.3d at 106. Once the defendant provides such a reason, the plaintiff must then "demonstrate by a preponderance of the evidence that the legitimate reason offered by the defendant is actually pretext for discrimination." Spiegel v. Schulmann, 604 F.3d 72, 80 (2d Cir. 2010).

Regardless of whether Plaintiff alleges age discrimination, disability discrimination, or retaliation, Plaintiff must evidence that he suffered an adverse action to establish a prima facie case. Gorzynski, 596 F.3d at 107; Hicks v. Baines, 593 F.3d 159, 164 (2d Cir. 2010); Brady v. Wal-Mart Stores, Inc., 531 F.3d 127, 134 (2d Cir. 2008). Here, Plaintiff has submitted no evidence that USPS engaged in any of the

unlawful practices he alleges, much less engaged in them within the 300-day limitations period.² And, "[e]ven in the discrimination context . . . a plaintiff must provide more than conclusory allegations to resist a motion for summary judgment." Gorzynski, 596 F.3d at 101. Here, Plaintiff fails to do so. Consequently, the Court must grant USPS summary judgment on the balance of Plaintiff's claims.

## CONCLUSION

Plaintiff's claims are either time-barred or entirely conclusory. As a result, USPS's summary judgment motion is GRANTED. The Clerk of the Court is directed to mark this matter as CLOSED.

SO ORDERED.

/ s / JOANNA SEYBERT___
Joanna Seybert, U.S.D.J.

Dated: September __17__, 2010
Central Islip, New York

---

² Plaintiff's allegation concerning USPS taking money out of his annuity "for repayment of prior service without my written approval" might relate to a $575.04 deduction USPS took from the misplaced 1975 check to satisfy a debt Plaintiff owed. (See Docket No. 24, Ex. G.) But, even if the Court somehow construed this act as discriminatory or retaliatory, Plaintiff's cause of action for it accrued either in 1975, or in 2003 when he finally got his money. So, if this allegation actually concerns that 1975 deduction, it is time-barred.

11